could successfully claim, as it has not so far done, that because Refunding has expressly declared that Income's lien is superior to its own, it has thereby subrogated Income to its own subrogated position and that the first funds paid over to Refunding by Consolidated must in turn be paid over by Refunding to it. The fact if it were a fact that Refunding and General had been subrogated to Consolidated's position as prior lienor could not advantage Income by advancing its lien over Consolidated's. The judgment in reversing the order of priority between Income and Consolidated was wrong. It was wrong too in postponing Consolidated to Refunding and General. It is reversed and the cause is remanded for further and not inconsistent proceedings.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

The question involved in this case is a pure question of fact and a careful consideration of the testimony convinces us that the able District Judge, who had the advantage of seeing and hearing all of the witnesses except the appellee, reached the correct conclusion. We would certainly not be justified in setting it aside as clearly erroneous. Rule 52, R.C.P., 28 U.S.C.A. following section 723c.

Affirmed.

## TRUEHEART v. EICHELBERGER.

### No. 5295.

Circuit Court of Appeals, Fourth Circuit.

Oct. 16, 1944.

William Earle White, of Petersburg, Va., and Irvin G. Craig, of Richmond, Va., for appellant.

William Old, of Chester, Va. (J. Thompson Wyatt, of Petersburg, Va., on the brief), for appellee.

## PRESLEY v. UNITED STATES.

### No. 10822.

Circuit Court of Appeals, Ninth Circuit.

April 3, 1945.

